UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **SUNNY Z. HUSSAIN** | **CIVIL ACTION NO.:_____** |
| | **JUDGE: _____** |
| **VERSUS** | **MAGISTRATE JUDGE:** |
| **AMERICAN AIRLINES, INC.** | _____ |

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U. S. C. §§ 1331 and 1441 et seq., defendant, American Airlines, Inc. ("American Airlines"), gives this notice and removes the litigation entitled *Sunny Z. Hussain v. American Airlines, Inc.* filed in the Shreveport City Court, State of Louisiana, (as docket number 2021S03795, before Judicial Officer Brian H. Barber, Sr.) (the "City Court Action"), in which it is now pending, to the United States District Court for the Western District of Louisiana. To the extent required, American Airlines reserves any and all rights, objections, defenses, motions, and exceptions it may have. Removal is proper for the following reasons:

I.      **Background**

1.

Plaintiff, Sunny Z. Hussain ("Plaintiff"), filed the City Court Action on September 27, 2021, against American Airlines, Inc., the sole defendant in the action.

2.

As detailed in and through Plaintiff's Small Claims Petition, Statement of Claim, and attached Itinerary (the "Complaint"), this City Court Action against American Airlines concerns

delay of international travel and lost/mishandled baggage and is based on an international flight and contract of carriage. His claims, as discussed below, arise only under federal law.

**3.**

Plaintiff alleges that his claims against American Airlines began in August 2021 and are based on international transportation originating is the United States (Shreveport, Louisiana) and terminating at the Hamas International Airport in Doha, Qatar (officially the State of Qatar in Western Asia).  Plaintiff was a ticketed passenger who was on the first segment of a multi-segmented international flight when he was allegedly delayed in the DFW International Airport and missed his connecting flight. See Plaintiff's Complaint.  Plaintiff alleged American Airlines had a mechanical issue with its aircraft but called it a weather-related issue to minimize its obligations.  Plaintiff, a ticketed passenger, further generally complained about the service American Airlines provided, complained about the delay of his international flight, alleges that American Airlines lost/mishandled his baggage, and alleges American Airlines left him stranded on the first leg of his international flight. *Id.*

**4.**

At all relevant times, defendant, American Airlines, operated and operates as an air carrier by authority of the Airline Deregulation Act of 1978, a federal law.

**5.**

The services American Airlines provided in this instance arose out of, consisted of, and related to the international transportation and matters appurtenant and necessarily included with the airline tickets and the conditions of carriage which together formed the contract of carriage between the passenger (the Plaintiff) and the airline.

## II.    Federal Question Jurisdiction Exists

### 6.

Under 28 U. S. C. § 1441(a), a defendant (such as American Airlines) may remove a civil action filed in a city or state court if the federal court would have had original jurisdiction over the action.

### 7.

Article III of the Federal Constitution gives the federal courts authority to hear cases "arising under" federal statutes.[1] Similarly, when a plaintiff's complaint relies on federal law as a source of recovery, the case necessarily "arises under" federal law.[2] Just as a plaintiff may bring an action in federal court when a claim "arises under" federal law, a defendant "may remove a case if the claim could have been brought in federal court, either because the claim relies on federal law or because the claim necessarily turns on some construction of federal law."[3]

### 8.

American Airlines removes Plaintiff's City Court Action because this Court is statutorily granted original subject matter jurisdiction over this civil action by 28 U.S.C.§ 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[4] Moreover, Article 6 clause 2 of the United States Constitution provides that "all Treaties made…under the Authority of the United States, shall be the Supreme Law of the Land."[5]

---

[1] U.S. Const. art. III; 28 U.S.C. § 1331.
[2] *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 390, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318, ___ (1987).
[3] *Orlick v. J. D. Caston and Son, Inc*., 144 F. Supp. 2d 337, 344 (D. N. J. 2001); *Woods v. Unigroup, Inc.*, 945 F. Supp. 1255 (E.D. Mo. 1996).
[4] 28 U.S.C.§ 1331, see also, U.S. Const. art. III.
[5] U.S. Const. art. VI cl.2.

**9.**

Plaintiff's rights and the liabilities of an international air carrier (such as American Airlines) resulting from this international flight are governed by and "arise under" The Convention for Unification of Certain Rules for International Carriage by Air, also known as the Montreal Convention, which became effective November 4, 2003[6] (hereinafter referred to as "The Montreal Convention") and/or its predecessor The Convention for Unification of Certain Rules Relating to International Transportation by Air, 49 Stat. 3000 (October 29, 1934), T. S. No. 876, 137 L.N. T.S. 11, reprinted at 49 U.S.C. § 40105 note (1997)(the "Warsaw Convention").

**10.**

The Montreal Convention and the Warsaw Convention are United States' treaties which govern international carriage by air.[7]

**11.**

The interpretation of these treaties is a federal question.[8]

**12.**

Article 1 ("Scope of Application") of the Montreal Convention indicates, in relevant part, that "[t]his Convention applies to all international carriage of persons, baggage or cargo performed by aircraft for reward." Montreal Convention, art. 1(1). Article 1 also defines "international carriage" as meaning, inter alia, "any carriage in which, according to the

---

[6] May 28, 1999, 149 Cong. Rec., S10869 (2003)(reprinted in S. Treaty Doc. No. 106-45, 1999 WL 33292734 (2000)).

[7] *Lee v. AMR Corp*, 2015 WL 3797330, 2015 U.S. Dist. LEXIS 78930 (E. D. Penn. 6/18/2015).

[8] See *Swaminathan v. Swiss Air Transp. Co*., 962 F 2d. 387, 390 (5th Cir. 1992)("The Warsaw Convention is a treaty entered into by the United States and is the Supreme law of the land.") and 28 U.S.C. §1331.

4

agreement between the parties, the place of departure and the place of destination ... are situated either within the territories of two States parties." *Id.*, art. 1(2).

### 13.

The United States and the State of Qatar are both signatories to the Montreal Convention.

### 14.

The Montreal Convention is a multilateral treaty entered into force on November 4, 2003.[9]  Like its predecessor, the Warsaw Convention, the Montreal Convention "governs the rights and liabilities of passengers and carriers in international air transportation."[10]  The Montreal Convention's purpose is to unify and replace the system of liability derived from the Warsaw Convention.[11]

### 15.

The Montreal Convention "applies to all international carriage of persons, baggage or cargo performed by aircraft for reward"[12] and contains an exclusivity provision that makes the Montreal Convention the exclusive remedy for any claim for delay in air transportation or damage/delay/loss to baggage arising from the carriage of international passengers (like here) --

---

[9] 2242 U.N.T.S. 309, reprinted in S. Treaty Doc. No. 106–45, 1999 WL 33292734 (2000).

[10] *Galbert v. W. Caribbean Airways*, 715 F.3d 1290, 1292 (11th Cir.2013).

[11] *Bassam v. Am. Airlines*, 287 Fed.Appx. 309, 312-313 (5th Cir.2008) (unpublished), *Ehrlich v. American Airlines, Inc.,* 360 F.3d 366, 371 n. 4 (2nd Cir. 2004); *Danner, v. Int'l Freight Systems of Wash., LLC,* 2010 U.S.Dist. LEXIS 86024 (D. Md., Aug. 20, 2010). Courts routinely rely on the substantial number of cases involving the Warsaw Convention in interpreting similar provisions in the Montreal Convention. See *Boyd v. Deutsche Lufthansa Aktiengesellschaft a/k/a Lufthansa German Airlines a/k/a Deutsche Lufthansa AG,* 2015 WL 3539685, 015 U.S. Dist. LEXIS 72482 (E. D. La. 6/3/2015)(dismissing plaintiffs' claims via summary judgment and instructing that "case literature interpreting the Warsaw Convention applies to cases interpreting substantially similar provisions of the Montreal Convention" citations omitted); *White v. Emirates Airlines, Inc.*, 493 Fed.Appx. 526, 529 (5th Cir.2012) (unpublished) (stating that "[i]t is expected that [Article 17] will be construed consistently with the precedent developed under the Warsaw Convention and its related instruments" (alterations in original) (citation omitted)); (alteration in original) (citation omitted).

[12] The Montreal Convention, Article 1(1); *Potter v. Delta Air Lines*, 98 F. 3d 881, 883 n. 4 (5th Cir. 1996) ('The Warsaw Convention is a treaty of the United States … the interpretation of which is a federal question."). *Swaminathan v. Swiss Air. Transp. Co*., 962 F.2d 387, 388 (5th Cir. 1992); *Erlich v. American Airlines, Inc*. 360 F. 3d 366, 371 (2d Cir. 2004).

whether in contract or in tort or otherwise -- and also precludes alternative causes of action. Thus, the Montreal Convention provides exclusive remedies for carriage of international passengers by air (like here) and thereby exclusively preempts all other sources of law and any state law claims Plaintiff has filed against American Airlines for negligence, breach of contract or otherwise.[13]

### 16.

Ordinarily, determining whether a particular case arises under the Constitution, laws or treaties of the United States turns on the "well-pleaded complaint" rule.[14] Pursuant to the "well pleaded complaint rule," a federal court generally looks to the face of the state complaint or petition to determine whether federal question jurisdiction exists.[15] A plaintiff, however, may not defeat removal, however, by using "pleading skills in hiding a federal question" and thus, eliminating a necessary federal questions in a complaint.[16]

### 17.

Federal law can occupy a particular area of law so completely that "any civil complaint raising this select group of claims is necessarily federal in character."[17] When that occurs, the state law claim is " completely preempted" and " presents a federal question" that "provides

---

[13] The Montreal Convention, Article 29; *El Al Isreal Airlines, Ltd. v. Tseng*, 525 U.S. 155, 162, 174-76 (1999); see also, Warsaw Convention; *Paradis v. Ghana Airways, Ltd.*, 348 F. Supp. 2d 106, 111 (S.D.N.Y. 2004)("the Conventions preempt all state law claims within their scope").

[14] *Aetna Health, Inc. v. Davila* , 542 U.S., 200, 209, 124 S. Ct. 2488, 159 L. Ed.2d 312 (2004); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

[15] *McAteer v. Silverleaf Resorts, Inc*., 514 F.3d 411, 416 (5th Cir. 2008).

[16] *Rosenbrock v. Deutsche Lufthansa, A. G.., Inc.*, 2016 WL 2756589 (S. D. Tex. May 9, 2016)(citing Montreal Convention article 29 and explaining "[o]ther provisions also support [complete preemption]. Article 26 ("Invalidity of Contractual Provisions") states that "[a]ny provision tending to relieve the carrier of liability or to fix a lower limit than that which is laid down in this Convention shall be null and void" and that "the whole contract ... shall remain subject to the provisions of this Convention." Id., art. 26. Likewise, Article 49 ("Mandatory Application") states: 'Any clause contained in the contract of carriage and all special agreements entered into before the damage occurred by which the parties purport to infringe the rules laid down by this Convention, whether by deciding the law to be applied, or by altering the rules as to jurisdiction, shall be null and void.'") Id., art. 49.

[17] *Id*.  See also, *Giles v. NYLCare Health Plans, Inc*., 172 F.3d 332, 336 -337(5th Cir. 1999).

grounds for a district court's exercise of jurisdiction upon removal," regardless of the well-pleaded complaint rule.[18] Moreover, "a federal court is not limited to the pleadings [but] may look to any record evidence."[19] The Montreal Convention is one of those provisions with such "extraordinary pre-emptive power" that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule."[20]

### 18.

Article 29 of the Montreal Convention provides that

[i]n the carriage of passengers, baggage and cargo, any action for damages, **however founded, whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention** without prejudice to the question as to who are the persons who have right to bring suit and what are their respective rights.   In any such action, **punitive, exemplary or any other non-compensatory damages shall not be recoverable**.

(emphasis added).

### 19.

Moreover, Article 19 of the Montreal Convention provides that

The carrier is liable for damage occasioned by delay in the carriage by air of passengers, baggage or cargo. Nevertheless, the carrier shall not be liable for damage occasioned by delay if it proves that it and its servants and agents took all measures that could reasonably be required to avoid the damage or that it was impossible for it or them to take such measures.

### 20.

Additionally, Article  17 (2) of the Montreal Convention provides in pertinent that

---

[18] *Id.*
[19] *Courty v. Prot*, 85 F. 3d 244, 249 (5th Cir. 1996) (courts "may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the [relevant] facts…The court has wide, but not unfettered, discretion to determine what evidence to use in making its determination of jurisdiction."); *Joseph v. Unitrin, Inc*., No. CIV. A. 1:08-CV-077, 2008 U.S. Dist. LEXIS 61726, at *8 (E.D. Tex. Aug. 12, 2008); *Clauer v. Heritage Lakes Homeowners Ass'n, Inc*., No. 4:09-CV-560, 2010 U.S. Dist. LEXIS 59462 (E.D. Tex. Feb. 3, 2010).
[20]*Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66, 107 S.Ct. 1542, 95 L. Ed.2d 1542 (1987)(an ERISA case)

The carrier is liable for damage sustained in case of destruction or loss of, or of damage to, checked baggage upon condition only that the event which caused the destruction, loss or damage took place on board the aircraft or during any period within which the checked baggage was in the charge of the carrier. However, the carrier is not liable if and to the extent that the damage resulted from the inherent defect, quality or vice of the baggage. In the case of unchecked baggage, including personal items, the carrier is liable if the damage resulted from its fault or that of its servants or agents.

### 21.

Plaintiff, a confirmed ticketed passenger on an American Airlines' international flight to Qatar, seemingly attempts to allege only state law claims against American Airlines by mentioning delay, "reckless behavior," breaches of unspecified obligations, and mishandled or lost baggage arising from his international travel.  Yet, Plaintiff's remedy against American Airlines arising out of that alleged delay of international travel and or the damage/delay/loss of his baggage "**however founded, whether under [the Montreal] Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in [the Montreal] Convention.**"[21]   The international transportation that is the subject of Plaintiff's City Court Action is exclusively governed and completely preempted by the Montreal Convention.  This is sufficient to invoke federal question jurisdiction.

### 22.

Plaintiff's alleged claims against American Airlines, an air carrier by authority of the Airline Deregulation Act of 1978, whether for delay of international travel and/or for loss of baggage by an air carrier, arise out of the "international carriage of persons, baggage or cargo performed by aircraft for reward" as defined by treaties of the United States, the Montreal Convention, including without limitation articles 29 and 17 and 19 and the Warsaw Convention

---

[21] Montreal Convention art. 29.

and the contract of carriage and are solely governed by and arise under federal law.[22] There is no jurisdictional amount to meet. Therefore, pursuant to 28 U.S. C. §1441 *et seq*. Plaintiff's City Court Action may be removed to the United States District Court for the Western District of Louisiana.

## III.    The Notice of Removal is Timely.

### 23.

Plaintiff served his City Court Action upon American Airlines on September 30, 2021.

### 24.

This Notice of Removal is filed with this Court within thirty (30) days of American Airlines' receipt of citation and Plaintiff's City Court Action and is, therefore, timely filed pursuant to 28 U.S.C. § 1446(b).

## IV.    Procedural Issues

### 25.

Pursuant to this Notice of Removal, this Court should assume original jurisdiction over this case.

### 26

The jurisdictional facts alleged in this Notice of Removal existed at the time the City Court Action was filed and currently exists at the time of the filing of this notice. Consequently, removal of the above-entitled action to this court is therefore permissible under and in compliance with 28 U.S. C. §§ 1331, 1441 and 1446.

---

[22] Montreal Convention Article 29; Warsaw Convention, Article 24*; Potter v. Delta Air Lines*, 98 F. 3d 881, 883 n. 4 (5th Cir. 1996) ('The Warsaw Convention is a treaty of the United States … the interpretation of which is a federal question."); *Swaminathan v. Swiss Air. Transp. Co.*, 962 F.2d 387, 388 (5th Cir. 1992).

**27.**

The United States District Court for the Western District of Louisiana is the federal district embracing the Shreveport City Court, Caddo Parish, State of Louisiana, where the suit was originally filed. 28 U.S.C. § 98(c). Venue, therefore, is proper in this District under 28 U.S.C. § 1441(a). 28 U.S.C. § 98(c).

**28.**

American Airlines files with this Notice of Removal a copy of Plaintiff's citation, Small Claims Petition, Statement of Claim, Soldier's and Sailor's Relief Act Affidavit, and the copy of the Itinerary that was attached to the Small Claims Petition, which constitutes all process, pleadings and orders filed in the City Court Action, served upon American Airlines, and received by undersigned counsel. See Exhibit "A."

**29.**

As provided by 28 U.S.C. § 1446(d), a written notice of the filing of this Notice of Removal is being filed on this date with the Clerk of Court for the Shreveport City Court, State of Louisiana, which includes a duplicate of this Notice of Removal and accompanying attachments and is being sent to Plaintiff, in proper person, at the address listed on the City Court Action. A copy of said Notice is attached hereto as Exhibit "B."

**30.**

Pursuant to Rule 81(c) of the Federal Rules of Civil Procedure, American Airlines must "answer or present other defenses or objections available under [the Federal Rules] within the longest of these periods…21 days after receiving-- through service or otherwise-- a copy of the initial pleading stating the claim for relief...or 7 days after the notice of removal is filed." Consequently, American Airlines' time for filing responsive pleadings to Plaintiff's Statement of

Claim has not expired. American Airlines disputes Plaintiff's allegations and denies that Plaintiff is entitled to any part of what he claims or entitled to judgment against it.

**31.**

The process of removal is completed in compliance with 28 U.S.C. §§ 1441 and 1446 thus, pursuant to this Notice of Removal, this Court should assume original jurisdiction over this case.

**32.**

American Airlines certifies by signature of undersigned counsel, pursuant to Federal Rule of Civil Procedure 11, that to the best of her knowledge, information and belief formed after reasonable inquiry, the bases for removal are justified.

WHEREFORE, defendant, American Airlines, Inc. prays that its Notice of Removal be deemed good and sufficient and for all other general and equitable relief to which it is entitled. American Airlines further prays that this Honorable Court assumes original jurisdiction over this case, that the City Court Action be removed from the docket of the Shreveport City Court, State of Louisiana, to this Honorable Court on or about this 6th day of October 2021, pursuant to 28 U.S.C. §§ 1441 and 1446.

Respectfully Submitted,

/s/ *Michele Whitesell Crosby*
Michele Whitesell Crosby (#20152)
Laperouse, APLC
8034 Jefferson Highway
Baton Rouge, Louisiana 70809
Telephone No.: 225-416-0614
Facsimile No.: 225-341-8941

Attorneys for *American Airlines, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify on October 6, 2021, a copy of the foregoing Notice of Removal was filed with the Clerk of Court for the United States District Court for the Western District of Louisiana. Undersigned counsel is sending notice of this filing to Plaintiff, Sunny Z. Hussain, 737 Linden Street, Shreveport, Louisiana 71104, by U. S. Mail, postage prepaid and properly addressed. Removal of this action is effective as of October 6, 2021, pursuant to 28 U.S.C. § 1446.

/s/ <em>Michele Whitesell Crosby</em>
Michele Whitesell Crosby
